AO 472 (Rev. 3/86) Order of Detention Pending Trial
==========================================================================

# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **Mag. No. 06-55-B** |
| ) | |
| **DARIUSZ KOTOWICZ,** ) | |
|     **Defendant** ) | |

## ORDER OF DETENTION PENDING TRIAL

      In accordance with the Bail Reform Act, 18 U.S.C., Section 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

[ ]     (1)     The defendant is charged with an offense described in 18 U.S.C. Section 3142(f)(1) and has been convicted of a (federal offense)(state of local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

        [ ] a crime of violence as defined in 18 U.S.C. Section 3156(a)(4).
        [ ] an offense for which the maximum sentence is life imprisonment or death.
        [ ] an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____.
        [ ] a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. Section 3142(f)(1)(A)-(C), or comparable state or local offenses.

[ ]     (2)     The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

[ ]     (3)     A period of not more than five years has elapsed since the (date of conviction)(release of the defendant from imprisonment) for the offense described in finding (1).

[ ]     (4)     Findings Nos. (1)(2) and (3) establish a rebuttable presumption that no condition or combination or combinations of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternate Findings (A)**

[ ]   (1)   There is probable cause to believe that the defendant has committed an offense

    [ ]   for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.
    [ ]   under 18 U.S.C. Section 924(c).

[ ]   (2)   The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternate Findings (B)**

[X]   (1)   There is a serious risk that the defendant will not appear.
[.]   (2)   There is a serious risk that the defendant will endanger the safety of another person or the community.

**Part II - Written Statement of Reasons for Detention**

The defendant has been charged by complaint with transportation of illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). The government seeks the detention of the defendant as a risk of flight and a danger to the community.

The defendant, now 39 years old, is a native of Poland who has resided in New York City for the past 19 years as a legal alien. His father is deceased. His mother resides in Poland. One of his two siblings resides in France. The other he last had contact with four to five years ago. The defendant has two children, a son age 17 whom he sees every other weekend for approximately two to three hours in Manhattan, and a five-year old son with whom he has no contact. The defendant is divorced. His 17-year old son is does not know where his father lives or works and is unaware of any personal relationships.

Although the defendant represented to the Pretrial Services Office that he is employed as an insurance salesman for a company located out of New York City, Pretrial Services has determined that the phone number provided by the defendant for that company has been disconnected and has otherwise been unable to establish that the company even exists.

The defendant reported trying cocaine at age 13. He has been convicted twice since entering the United States of driving under the influence. His criminal history otherwise reveals a conviction for possession of a forged instrument. The defendant has failed to appear for court hearings on three occasions.

The evidence against the defendant is strong, *see* Govt. Exh. 1 (affidavit supporting criminal complaint), and I found at the conclusion of a preliminary examination held just prior to the detention hearing earlier today that there is probable cause to believe that the defendant has committed the offense with which he has been charged.

The defendant has no ties whatsoever to the state of Maine. The detention hearing record establishes that although he has resided in New York City for the past 19 years, the defendant does

not appear to have strong family or community ties there and his reported current employment cannot be verified.  He does have a history of failing to appear in court when required to do so.

The defendant seeks release on conditions that include (i) his continued maintenance of his present cell phone service and number as a primary means of communication, (ii) his continued residence in the Brooklyn, New York apartment in which he currently resides, (iii) his observance of a curfew during the hours 6 p.m. to 6 a.m., (iv) daily reporting to his supervising pretrial services officer, (v) his search for lawful, gainful employment, (vi) surrender of his Polish passport and a prohibition against applying for a U.S. passport, (vii) his non-possession or use of intoxicating substances, including alcohol, and (viii) travel restricted to the greater New York City region and, with prior approval of his supervising pretrial services officer, to Maine for consultation with his counsel and court appearances.  I conclude that this package of conditions will not serve to reasonably assure the defendant's appearance as required.  No other conditions addressing risk of flight have been proposed or appear available.

On the basis of the foregoing, I find by a preponderance of the evidence that the defendant poses a serious risk of non-appearance and that there are no available conditions of release that will reasonably assure his appearance as required.  I therefore **ORDER** that the defendant be detained pending trial.

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extend possible, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated: November 2, 2006

/s/ David M. Cohen
David M. Cohen
U.S. Magistrate Judge